UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

CHRISTOPHER JAMES MCLAIN,

Debtor.

_____/

Case No. DL 17-02218
Chapter 13
Hon. Scott W. Dales

MEMORANDUM OF DECISION AND ORDER

PRESENT:     HONORABLE SCOTT W. DALES
                      Chief United States Bankruptcy Judge

Byron P. Gallagher, Jr., Successor Personal Representative of the Estate of Charlene McLain (the "Public Administrator"),[1] filed a motion to lift the automatic stay (ECF No. 54, the "Motion"), and debtor Christopher James McLain (the "Debtor") filed a response (ECF No. 56, the "Response").  The court reviewed these filings and set the matter for hearing which took place on May 22, 2019 in Lansing, Michigan.

During the hearing, counsel for the Public Administrator and the Debtor made oral arguments, but waived the opportunity to present evidence, preferring to permit the court to decide the Motion on their papers and arguments.  The Debtor, himself, advised the court that the property at issue is his residence (the "Property") and has been in his family since the early 1960s.  Neither the chapter 13 trustee nor any other party-in-interest appeared at the hearing or took any position. For the following reasons, the court will grant the Motion.

Most of the historical facts affecting the Motion are not in dispute.  Before the Debtor filed his chapter 13 petition with this court on May 2, 2017 (the "Petition Date") he was serving as the

_____

[1] To avoid confusing Mr. Gallagher's role as personal representative with the Debtor's former role as personal representative, the court will refer to Mr. Gallagher as a "Public Administrator" because he serves as such for Ingham County, which explains his appointment as the Debtor's successor.

personal representative of his deceased mother's (the "Decedent") probate estate, pursuant to her last will and testament. *See* Motion at Exh. B. The principal asset of the probate estate was the Property: real estate commonly known as 1412 Lincoln Ave, Lansing, Michigan.

On March 13, 2017, while acting as personal representative, the Debtor executed a "Personal Representative's Deed," prepared by his current bankruptcy counsel, conveying the Property to himself and his two siblings as tenants-in-common. According to the Public Administrator, the Decedent had numerous creditors who had filed approximately $50,000.00 in claims against her probate estate at the time the Debtor conveyed the probate estate's interest in the Property to himself and his siblings.

The Public Administrator contends that this conveyance wrongfully denuded the probate estate by removing the main asset from which the Decedent's creditors could be paid. As successor personal representative, the Public Administrator seeks permission to pursue the recovery of the Property from the Debtor and his siblings through the Ingham County Probate Court (the "Probate Court"), alleging that cause exists to lift the automatic stay for this purpose.

The Debtor's Schedule A/B notes that the "Debtor has 1/3 interest in property plus a life estate." He has valued his one-third interest at approximately $86,600.00, and has claimed $12,653.68 as exempt under § 522(d)(1).[2] On his statement of financial affairs, in response to the question of whether he was "a party in any lawsuit, court action, or administrative proceeding" within the year preceding the Petition Date, he answered "no," omitting any reference to the probate proceeding in which he was then serving as a court-appointed personal representative. On his Schedule E/F, he identifies a number of creditors, including the Decedent's probate estate,

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

listing his residence (the Property) as the address for the probate estate. He did not amend his schedules or mailing matrix to name the Public Administrator as the probate estate's representative after the Probate Court removed the Debtor from that role on May 11, 2017, nine days after the Petition Date, and appointed the Public Administrator as personal representative.

According to the docket in the Debtor's case, August 2, 2017 was the deadline to object to the discharge of particular debts, and August 31, 2017 was the deadline to file a proof of claim. The Public Administrator contends that he did not receive notice of the Debtor's bankruptcy through formal service of the usual notices (which is not surprising because he was not appointed until after the Petition Date) but learned of the bankruptcy earlier this year after a title search prompted him to question the Debtor about the conveyance.

Unaware of these issues, the court confirmed the Debtor's chapter 13 plan (ECF Nos. 4, 14, 18, the "Plan") on September 8, 2017, at which point the one-third interest in the Property re-vested in the Debtor in accordance with the Plan and § 1327(b). *See* Plan at § IV.B.  In addition, the Plan proposes to cure arrearages on the Decedent's mortgage, which encumbers the Property, thus building equity in the Property for the Debtor and his siblings.  The Plan also provides for a very minimal dividend to unsecured creditors.  The Debtor successfully amended the Plan once after confirmation, with no material impact on this dispute.

Generally speaking, the automatic stay of § 362(a) shields debtors, their property (to some extent), and the property of the estate, until the stay terminates as a matter of law, or the court modifies it, usually "for cause." *See generally* 11 U.S.C. § 362(a) (scope of stay), 362(c) (duration of stay), and 362(d)(1) (relief from stay for cause).  The Bankruptcy Code does not define "cause," and courts have interpreted the term flexibly to balance the legitimate interests of creditors and debtors.  *In re Patriot Solar Group,* 569 B.R. 451, 456 (Bankr. W.D. Mich. 2017) ("Because

'cause' is not defined in the Bankruptcy Code, courts should determine on a case by case basis whether relief from the automatic stay is appropriate.").

With respect to the effect of the automatic stay on the Property, although the Property is no longer included within the estate (having re-vested in the Debtor at confirmation), the automatic stay nevertheless stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a *claim against the debtor* that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). The italicized phrase, as a matter of the Bankruptcy Code's specific rule of construction, "includes claim against property of the debtor." *Id*. § 102(2). So, even though the Property re-vested in the Debtor, the stay continues to protect it, at least from the Public Administrator's prepetition claims against him, contrary to the latter's suggestion during the hearing.

Turning to the claim, the asserted wrong for which the Public Administrator seeks redress in the Probate Court is the Debtor's allegedly fraudulent prepetition conveyance of the Property to himself and his siblings, while claims of the Decedent's creditors remained unpaid. This state of affairs obviously arose prepetition. It appears, however, that the Public Administrator, and therefore the probate estate he represents, did not receive meaningful notice of the Debtor's bankruptcy proceeding in time to participate either by filing a timely proof of claim or seeking a determination excepting from discharge the Public Administrator's claim against the Debtor.[3] As a result, the Public Administrator's claim, arising from the Debtor's prepetition conveyance of the

---

[3] The court notes that the summary nature of a contested matter involving relief from the stay generally limits the preclusive effect of the findings or decision made in connection with the hearing. *In re Lebbos*, 455 B.R. 607, 612 (Bankr. E.D. Mich. 2011); *In re Midway Airlines, Inc*., 167 B.R. 880, 883 (Bankr. N.D. Ill. 1994).

Property, will probably be excepted from any discharge the court may enter in this case. *See* 11 U.S.C. §§ 523(c)(3) and 1328(a)(2). The court perceives no good reason to preclude the Public Administrator from pursuing relief in the Probate Court when the Debtor's failure to give appropriate notice of the order for relief effectively precluded him (and the probate estate he represents) from participating in the bankruptcy case.

In response to the Motion, the Debtor advances three main arguments. First, he contends that he did not transfer the Property "with the intent to defraud known creditors." Response at ¶ 15. Second, he says there is no cause to grant relief from the automatic stay because the Public Administrator filed the Motion almost two years after the Petition Date and long after the confirmation of the Plan. *Id.* at p. 3 (first two paragraphs in prayer for relief). This argument is in the nature of laches. Third, and perhaps relatedly, he contends that he has paid over $44,000.00 to the chapter 13 trustee during the pendency of the case, mostly to cure the prepetition arrears and remain current on the mortgage encumbering the Property, and "has equity built up in this house." *Id.* (third paragraph in prayer for relief).

As the court noted during the hearing, each of the Debtor's arguments may persuade the Probate Court not to grant relief to the Public Administrator, but they offer little to this court on the question of whether there is "cause" to grant relief from the stay, a question that implicates the injustice of continuing to enjoin interested parties from asserting rights under applicable non-bankruptcy law, given the goals of the bankruptcy proceeding and the conduct of the debtor. The court finds cause to grant relief from the automatic stay in the substantial allegations of prepetition misconduct affecting the creditors of the probate estate and, as a matter of comity, in the crucial role the Probate Court must play in ensuring that its fiduciaries, such as the Debtor before he was removed, conform to the standards of trust upon which the probate system depends.

It bears repeating that the court is not finding the Debtor defrauded the probate estate or its stakeholders, only that there is cause to permit the Public Administrator to investigate and, subject to the supervision of the Probate Court, take corrective action if warranted.

Finally, the court notes that nothing in today's order limits the Debtor's exemption rights, and that relief from the automatic stay shall be conditioned upon protecting those interests. If, however, the Public Administrator believes that it is necessary or possible to revisit the Debtor's exemption claim (notwithstanding *Law v. Siegel*, 571 U.S. __, 134 S. Ct. 1188 (2014) or similar authority), he may seek such relief from this court through a separate filing on notice to the Debtor and counsel. *See generally* 11 U.S.C. § 522(c) (scope of exemption protections).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 54) is GRANTED, provided, however, that the Public Administrator and the Probate Court shall at all stages of the probate proceedings respect the Debtor's exemption rights under 11 U.S.C. § 522.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Scott Marshall Neuman, Esq., Christopher James McLain, Shane William Hilyard, Esq., and Barbara P. Foley, Esq., chapter 13 trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated May 29, 2019**



_____
Scott W. Dales
United States Bankruptcy Judge